DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EXAL CORPORATION, et al., ) | |
| ) | CASE NO.4:12 -CV- 01830 |
| and ) | |
| ) | |
| C2C ALUMINUM TECHNOLOGY ) | MEMORANDUM OPINION |
| CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROESLEIN & ASSOCIATES, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |

## **INTRODUCTION**

On August 8, 2012, defendant Roeslein & Associates, Inc. ("Roeslein" or "Defendant") brought a Motion to Dismiss Counts II , VI and VII of the Complaint or, in the alternative, a Motion for a More Definite Statement as to as to all Counts. (ECF ##19,20). Plaintiffs Exal Corporation and C2C Aluminum Technology Corporation (collectively "Exal" or "Plaintiffs") filed an opposition to Defendant's motions on September 4, 2012 (ECF ##27,28). Defendant filed a reply on September 18, 2012. (ECF ##35,36). This Memorandum Opinion will address both the motion to dismiss and the motion for a more definite statement. For the reasons set forth below, the motion for a more definite statement is granted as to Count II; Plaintiffs have leave to file an amended complaint. All other motions are denied.

## **GENERAL PLEADING REQUIREMENTS**

Under Federal Rule of Civil Procedure 8(a)(2), plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) . "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' "; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555, 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## STANDARD ON A MOTION TO DISMISS

Defendant has moved to dismiss Count II (Common Law Fraud), VI (Tortious Interference with Prospective Economic Advantage, and VI I (Tortious Interference with a Business Relationship).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Technologies, Inc*., 520 F.3d 516, 519 (6th Cir.2008) (citing *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir.2005)). The defendant bears the burden of establishing that, as a matter of law, plaintiff has not pled, by direct or inferential allegations, the elements necessary to sustain a recovery under some viable legal theory. *Id.,*

*Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir 2010),*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)

### I. DEFENDANT'S PREEMPTION MOTION IS PREMATURE

Defendant argues that Plaintiffs' Count II, for Common Law Fraud, Count VI for Tortious Interference with Prospective Economic Advantage, and Count VII for Tortious Interference with a Business Relationships "merely recast" Plaintiffs' claims regarding trade secret appropriation, and are therefore preempted by the Uniform Trade Secrets Act as adopted in Ohio. OHIO REV. CODE §1333.61, et. seq. ("OUTSA").

OUTSA bars the misappropriation or acquisition by improper means of any "trade secret." The act displaces "conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret." OHIO REV. CODE § 1333.67.

The breadth and scope of the preemption required by OUTSA is a state law question. But, the Supreme Court of the state of Ohio has not addressed the issue. *Office Depot, Inc. v. Impact Office Products LLC*, 821 F. Supp 2d 912, 919 (N.D. Ohio 2011). It seems few, if any, state supreme courts have analyzed the effect of the Uniform Trade Secret law on the common law in their jurisdiction. Instead, federal district courts have developed the case law on the Uniform Trade Secret Act–with widely varying results.

The cases have one point of consensus: If the common law cause of action is "drawn entirely" from trade secret allegations, with no additional facts to support the claim, the common law count is subject to preemption. *Glasstech Inc.v. TGL Tempering Sys., Inc*., 50 F. Supp 2d 722, 730 *(*N.D.Ohio 1999) (OUSTA preempts "claims which are based entirely on factual allegations of misappropriation of trade secrets." *Kendall Holdings, Ltd. v. Eden Cryogenics,* LLC. 2010 WL

3894166 at *7(S.D. Ohio Sept. 29) (finding that Count IV was drawn "entirely" from the trade secret allegations, the Court granted defendant's Rule 12 (b) (6) motion, in part: "insofar as that count rests upon the alleged misuse and misappropriation of trade secrets."); *Dura Global Technologies, Inc. v. Magna Donnelly Co.* 2010 WL 1438821 (E.D. Mich. April 9) (distinguishing *Allied* on the grounds that in *Allied* plaintiff's allegations were based *entirely* on factual allegations of misappropriations of trade secrets.) As Judge Economus, writing for the Northern District of Ohio, observed: "There is ample support for the general proposition that the USTA preempts common-law claims that rely on the same factual allegations supporting misappropriation-of-trade-secret claims." (citations omitted)*, Allied* at 723.

Beyond this basic agreement, there are varying and inconsistent holdings.  Compare: *Allied Erecting and Dismantling Co.v. Genesis Equipment & Manufacturing*, 649 F. Supp 2d 702 (N.D. Ohio 2009) (holding there may be displacement of common law counts prior to a determination of whether the information constitutes a trade secret) with *Cenveo Corporation v. Slater*, 2007 WL 527720 (E.D. Pa.) (the court finds "the better approach" in " cases holding that the Uniform Trade Secrets Act does not preempt common law tort claims when it has yet to be determined whether the information at issue constitutes a trade secret."Id. at *3.) In the most recent Northern District of Ohio case, the court rejected the proposition that a plaintiff's claims are preempted if the common law count is partially based on allegations of trade secret appropriation. Using  "partial dismissals" the court  allowed common law counts to continue, "preempted only to the extent that they are based on misappropriation-of-trade-secret facts." *Office Depot, Inc. v. Impact Office Products, LLC.*, 821 F. Supp 2d 912, 919,920 (N.D. Ohio 2011).

After full review of the cases, this Court finds most persuasive the opinions that require fuller factual development prior to ruling on preemption. Acting prematurely can result in a scenario that strips Plaintiffs of any recovery, even though they have been wronged.  As the court explained in *Cerveo:*

> Preempting Plaintiff's conversion claim at the motion to dismiss stage risks leaving the claimant without a remedy for information he proves has been stolen. For example, in this case, if the Court were to dismiss plaintiff's conversion claim and later make the finding that, although plaintiff had proved the defendants took its pricing structure and business proposals, such information was not a trade secret under the PTSA, the Court would be in the difficult position of telling the plaintiff it had no remedy.

Cenveo, supra, at*3. See also: *Stone Castle Financial, Inc. v. Friedman, Billings, Ramsey & Co.* 191 F. Supp 2d 652, 659 ("[B]ecause it cannot be established at this juncture whether the confidential information at issue in this case is a trade secret, the Court cannot find that Stone Castle's alternative claims are preempted.").

Acting prematurely also precludes the Plaintiffs' from discovering  facts to support their common law theories. In *Thermodyn Corp. v. 3MCo.*, 593 F. Supp 2d 972, 990 (N.D. Ohio 2008), the court did not believe a ruling on preemption had to await determination of the existence of a trade secret, but would not decide preemption on a motion to dismiss. The Court reasoned that doing so would cut off plaintiff's opportunity to discover additional facts:  "Dismissal based on preemption was inappropriate when the Defendants filed a Motion to Dismiss because it was unclear whether discovery would enable Thermodyn to base its additional state law claims on facts different from those alleged in its trade secret claim." After completion of discovery, in response to defendant's motion for summary judgment, the court found plaintiff's common law count to be preempted.

This preference for allowing fuller factual development prior to ruling on preemption is consistent with the Sixth Circuit caution against decisions on the pleadings in actions alleging copyright preemption. *Kendall Holdings, LTD v. Eden Cryogenics*, LLC, 2010 WL 3894166, *5, citing *Wrench, LLL v.Taco Bell*, 256 F.3d 446, 456 (6th Cir 2001). Furthermore, and, as noted by Plaintiffs in their Opposition, the vast majority of cases dealing with preemption consider the issue on summary judgment. See cases cited in Plaintiff's Opposition, ECF #28, 325-328.

For these reasons, the motion to dismiss Counts II, VI and VII on the basis of preemption is denied, without prejudice to Defendants' later submission of a motion for summary judgment at the conclusion of discovery.

### II. THE MOTION TO DISMISS COUNT II IS DENIED; THE MOTION FOR MORE DEFINITE STATEMENT AS TO COUNT II IS GRANTED.

The Defendant's motion to dismiss Plaintiff's fraud count, predicated on the theory that Count II merely alleged contract breaches, is denied. As Plaintiffs explained in their Opposition, Count II is for fraud in the inducement, a tort. Adapting in the Reply, Defendant argued for dismissal of Count II on the basis Plaintiffs failed to allege all of the necessary elements of fraud in the inducement under Ohio law.

This Court will not consider the argument that Count II does not allege the necessary elements. The Sixth Circuit rule is very plain: Only matters in the moving papers are properly before the Court. New material cannot be raised in the reply; matters not raised in the moving papers are deemed waived. *United States v. Lopez-Medina*, 461 F.3d 724, 743 n.4 (6th Cir. 2006), *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (2007), *Irwin Seating Company v. International Business Machines Corp.* 2007 WL 518866 *2 n.2 (W.D. Mich. Feb. 15). As a consequence, the Court will not address the Rule 12 (b)(6) arguments set forth in the Reply.

The Court will, however, grant Defendant's motion for a more definite statement under Rule 12 (e).  Despite the general disfavor for Rule 12 (e) motions,  the Court will grant the motion because of the heightened pleading specificity required when fraud is alleged. Fed. R. Civ. P. 9 (b). This rule requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." *Id*. The Sixth Circuit, has held that, in complying with Rule 9(b), a plaintiff, at a minimum, must allege the time, place and content of the alleged misrepresentation on which he or she relied, the identity of those who made the misrepresentations, the fraudulent intent of the defendants and the injury resulting from the fraud. *United States v. Community Health Systems, Inc*., 501 F.3d 493, 503-504 (6th Cir. 2008).[1] Because Plaintiffs complaint, in Count II, lacks the specificity required by Federal Rule of Civil Procedure 9(b), Defendant's motion for a more definite statement is granted as to Count II. Plaintiffs have leave to amend the complaint.

### III. THE MOTION FOR MORE DEFINITE STATEMENT AS TO ALL OTHER COUNTS IS DENIED

As Plaintiffs correctly note, Rule 12 (e) motions are disfavored.  Rule 12 (e) "is designed to strike at unintelligibility rather than simple want of detail...it must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Jakovich v. Hill, Stonestreet & Co.* 2005 WL 3262953, *3 (N.D. Ohio Nov. 30 2005) (internal citations omitted). Notice pleading under Rule 8 (a)–applicable to all counts but

---

[1] While defendant properly cites Ohio substantive law to provide the elements of the tort, defendant also cites Ohio courts' interpretation of Ohio's rules of civil procedure as if these cases controlled the specificity of pleading required in this case. ECF #35 at 404.That is not correct.  In this case the Court uses the substantive law of Ohio, but the procedural rules set forth in the Federal Rules of Civil Procedure; the federal courts provide the controlling interpretation of these federal rules.

Count II, for fraud–requires only that plaintiff give "fair notice" of the claims. *Hensley Mfg*. V. *ProPride, Inc*. 579 F.3d 603 (6th Cir. 2009). Plaintiffs' Counts I, III, IV,V, and VII meet this test. Carefully drafted discovery can readily fill in any gaps and eliminate ambiguity.[2]

Defendant's relationship to the acts alleged also undercuts the necessity for his motion. For, "when addressing a Rule 12(e) motion, the court may consider 'whether the movant has knowledge of the information sought," and will deny the motion '[i]f the movant's existing knowledge enables it to file a responsive pleading.'"*Casanova v. Ulibarri*, 595 F.3d 1120,1125,(10th Cir. 2010) quoting Moore's Federal Practice 3D, §12.36[3]. See also: *Lert v. A.C. Nielsen Co.*, 1993 U.S. Dist. LEXUS 4235, at *2-3 ( N.D. Ill. Mar.31). In this case, for example, Defendant argued the complaint is unclear because Plaintiffs did not attach copies of the contracts at issue–which, given that Defendant signed, and presumably has, each of the contracts is unpersuasive, if not disingenuous. As is noted in Moore's Federal Practice 3D § 12.36 [3], "Given the courts' reluctance to allow Rule 12 (e) motions as a substitute for discovery, the motion is even less well received when the movant simply seeks particularization of facts already known to it." That is the case here, and the motions for more definite statement are denied as to Counts I, III, IV, V, VI and VII

---

[2]The attachment of the Request for Production to the Reply was not useful: The Court cannot consider matters outside the pleading when ruling on a 12 (b)(6) or Rule 12 (e) motion. And, while the intended purpose of the attachment was to establish Plaintiffs' intransigence, in fact, it revealed that many of the discovery requests were appropriately objected to as overbroad, unduly burdensome and calling for production of matters unrelated to the litigation.

## **CONCLUSION**

The Motion to Dismiss Counts II, VI and VII is denied. The Motion for a More Definite Statement is granted as to Count II only. Plaintiffs have until October 16, 2012 to file an amended complaint; the amended complaint must amend Count II, and may amend any other portion of the complaint.

IT IS SO ORDERED.

| | |
|---|---|
| October 2, 2012 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |